This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Michael Boyes, has appealed from his conviction by the Medina County Court of Common Pleas for preparation of drugs for sale. We reverse.
On January 5, 2000, Defendant was indicted on one count of preparation of drugs for sale, in violation of R.C. 2925.07(A) (C)(3)(b). On February 29, 2000, Defendant moved to suppress all evidence seized pursuant to the search warrant executed on his home and all statements made during the search. On March 7, 2000, the State responded in opposition. On March 20, 2000, the trial court denied the motion to suppress as it related to all evidence. On May 4, 2000, Defendant moved for reconsideration. Following a hearing, the trial court denied Defendant's motion for reconsideration. The case was tried before a jury. Defendant was found guilty of preparation for sale of marijuana and sentenced accordingly. Defendant has timely appealed and has raised three assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred in denying [Defendant's] motion to suppress evidence gathered from a search resulting from an invalid warrant obtained in violation of [Defendant's] right against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 14 of the Ohio State Constitution. Specifically, the search warrant was based on a wholly defective supporting affidavit, which was not self-sufficient.
 In his first assignment of error, Defendant argues that the trial court erred in denying his motion to suppress the evidence. Specifically, Defendant has argued that the affidavit supporting the warrant was defective. We agree.
When deciding a motion to suppress evidence, the trial court serves as the trier of fact and judges the credibility of witnesses and the weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court is bound to accept the trial court's factual findings if they are supported by competent and credible evidence. State v.Williams (1993), 86 Ohio App.3d 37, 41. Accepting the factual findings, this court must independently determine as a matter of law if the minimum constitutional standard has been met. Id.
In reviewing a request for a search warrant, a magistrate is to apply the "totality-of-the-circumstances" test delineated by the United States Supreme Court in Illinois v. Gates (1983), 462 U.S. 213, 238,76 L.Ed.2d 527, 548. The Gates court noted that under this test:
 The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
 Id. "When a warrant has been issued, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." State v. Sheppard (1998), 84 Ohio St.3d 230, 236. "This determination is accorded great deference." Id. citing State v. George (1989), 45 Ohio St.3d 325, paragraph two of the syllabus.
Crim.R. 41(C) sets forth the standard for issuing search warrants as follows:
 Issuance and contents. A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. Before ruling on a request for a warrant, the judge may require the affiant to appear personally, and may examine under oath the affiant and any witnesses he may produce. Such testimony shall be admissible at a hearing on a motion to suppress if taken down by a court reporter or recording equipment, transcribed and made part of the affidavit. * * *
 (Emphasis added.) There must have been presented to the issuing magistrate sufficient information to allow that official to independently determine if probable cause to search exists; his action in issuing a search warrant must not be a mere ratification of bare conclusions of others. Illinois v. Gates, 462 U.S. 213, 239, 76 L.Ed.2d 527, 549.
In the present case the affiant states that a confidential informant told him that he had seen Defendant selling marijuana, cocaine, and LSD from Defendant's residence. The confidential informant allegedly also advised that there were approximately ten marijuana plants being cultivated at Defendant's residence. The affiant indicated that the confidential informant is reliable, however, beyond this bald assertion of reliability the affiant gives no information as to how he reached this conclusion. Accordingly, the magistrate had no facts before him from which he could independently determine whether probable cause existed and thus probable cause was not established.
This finding that there was not probable cause to issue the search warrant, however, does not end our inquiry. Before we can determine if the trial court erred in overruling appellant's motion to suppress we must consider the law as set forth by the Supreme Court in United Statesv. Leon (1984), 468 U.S. 897, 82 L.Ed.2d 677, as to when the exclusionary rule is to apply to a search conducted pursuant to a warrant which is subsequently determined to be invalid.
The Supreme Court in Leon noted that the exclusionary rule should be applied only where the interests of the Fourth Amendment would be advanced. Id. at 918, 82 L.Ed.2d at 695. The Supreme Court reasoned that punishing a police officer who acted in objective good faith upon the determination of the magistrate that probable cause existed does not further the purposes of the Constitution and does not serve to deterFourth Amendment violations. Id. at 920-21, 82 L.Ed.2d at 697. The Supreme Court required, however, that the officer's reliance be objectively reasonable and stated that suppression would still be an appropriate remedy where an affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 923, 82 L.Ed.2d at 699, quoting Brown v. Illinois
(1975), 422 U.S. 590, 610-611, 45 L.Ed.2d 416, 431.
In the present case there was no evidence presented to the magistrate from which he could make an independent determination of probable cause, and thus, reliance upon such a determination was unreasonable and the good faith exception set forth in Leon is inapplicable. Accordingly, the trial court erred in denying Defendant's motion to suppress all evidence obtained as a result of the search since the search warrant was not supported by probable cause and the officers did not act in good faith in executing said warrant. Defendant's first assignment of error has merit.
 ASSIGNMENT OF ERROR II The trial court erred in denying [Defendant's] motion to suppress [Defendant's] statements made during an interrogation without being appraised of his rights as per Miranda v. Arizona (1966)[,] 384 U.S. 436.
 ASSIGNMENT OF ERROR III The trial court erred in sentencing [Defendant] under the guidelines for a felony of the fourth degree when the jury returned a verdict for a felony of the fifth degree finding [Defendant] not guilty of the specification in the indictment.
 Pursuant to App.R. 12(A)(1)(c), this court's holding on the first assignment of error renders the Appellants' second and third assignments of error moot and accordingly, they will not be addressed.
Defendant's first assignment of error is sustained, Defendant's second and third assignments of error are not considered. The order denying Defendant's motion to suppress is hereby vacated, and the verdict and sentence resulting therefrom are likewise vacated. This Court further orders that all evidence obtained on March 26, 1999, as a result of the search of Defendant's home at 3824 Yost Road, Litchfield Township, Medina County, Ohio, is suppressed and is to be excluded from use at trial as evidence. The instant matter is hereby remanded for further proceedings according to law.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ LYNN C. SLABY
BAIRD, P.J. CONCURS